MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP A. GUENTERT (CABN 147374)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5079
    FAX: (408) 535-5066
    E-Mail: philip.guentert@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>  v. <br> JOHN NYUNT <br>     Defendant. | NO. CR 14-00235-BLF <br> NO. CR. 14-00624-BLF <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

    The United States of America, by and through MELINDA HAAG, United States Attorney for the Northern District of California, and Philip A. Guentert, Assistant United States Attorney for said District, hereby submits this sentencing memorandum concerning defendant John Nyunt.

    On April 30, 2015, defendant John Nyunt was arraigned on an information in case no. CR 14-00235-BLF, charging him with extortion and fraud. On May 13, 2014, defendant pleaded guilty before the Court. The plea agreement and colloquy provided a factual basis for the offenses, which evidence concerned defendant's conduct during his employment as a police commander at the Pacific Grove Police Department. The plea agreement included an agreed federal sentence to run concurrent to defendant's previous sentence imposed in California state court in case no. SS140505A. On August 11,

SENTENCING MEMORANDUM

2014, at the request of the parties, the Court continued the date of sentencing to allow the parties to discuss new information developed by the ongoing government investigation.

On December 11, 2014, the U.S. Attorney filed the charges contemplated by those discussions in the form of an information, case no. CR 14-00624-LHK, comprising a (new) single count concerning the possession of stolen firearms. The second case was initially assigned to Judge Koh. In the second case the defendant was represented by the same attorneys as in case no. CR 14-00235-BLF, and the factual basis for the proposed plea agreement in the second case, as in the first case, concerned. defendant's conduct during his employment as a police commander at the Pacific Grove Police Department. The Court ordered the cases to be related pursuant to Crim. L. R. 8.1(a). and the defendant entered a plea of guilty in the second case, No. CR 14-00624-BLF, pursuant to another agreement with the government.

These cases are now before the Court for consolidated sentencing. The plea agreement in the second case includes an agreed federal sentence of 30 months imprisonment to run concurrent to the sentence imposed in federal case no. CR 14-00235-BLF (comprising an agreed sentence of 24 months imprisonment) and state case no. SS140505A.

The multiple-count rules apply to a consolidated sentencing of two cases, as if the multiple counts were contained in one charging instrument. See U.S.S.G. § 3D1.1, App. Note 1. The Guideline range for the second case, considered alone, is 27-33 months. For the consolidated cases it comes to 33-41 months. The proposed (concurrent) sentence in the second case adds six months to the proposed sentence in the first case, falls in the middle of the Guideline range for the second case standing alone, and constitutes a variance of three months for the cases considered together. But see PSR at ¶115. The government submits the agreed sentences are consistent with the Sentencing Guidelines and the court's discretion under 18 U.S.C. § 3553(a). The defendant's conduct represented a serious breach of his duty to the public. In mitigation, the defendant has given a proffer to the government, expressed genuine contrition for his conduct, and attempted to mitigate the harm he caused, which efforts included assisting the Federal Bureau of Investigation in locating the stolen firearms.

Under U.S.S.G. § 5G1.3, where there is a partially undischarged term of imprisonment, as with state case no. SS140505A here, the Court has the discretion to run a federal sentence concurrently "to achieve a reasonable punishment for the instant offense." The government notes that the defendant

SENTENCING MEMORANDUM

received a significant punishment in state court for offenses related, in part, to defendant's official position, and that term is only partially undischarged (see PSR at ¶¶51 and 115); the state investigation proceeded the involvement of federal law enforcement, and the federal charges followed as a result of that investigation. The government submits that the concurrent component of the agreed sentence results in a reasonable punishment for the offenses of conviction now before the Court.

With respect to restitution, the victim in the first case, referred to as Individual B, suffered economic harm in the amount of $9,000, and the Pacific Grove Police Department incurred out-of-pocket costs resulting from defendant's criminal conduct in the use of a department database in the amount of $1,867.95. See PSR at ¶103. In the second case, it is the government's position that the Monterey Peninsula College did not suffer an economic harm because of the theft of the firearms it sought to donate. To the extent that the Court has the objective of disgorging the defendant's illegal profits in the second case, which amount to approximately $10,000 on the sale of the firearms, the Court can take that figure into account in deciding the appropriate fine, assuming the defendant has the ability to pay a fine.

For the aforementioned reasons, the government urges the Court to impose a sentence in the related cases with the stipulated terms as set forth in the respective plea agreements.

DATED: April 3, 2015                    Respectfully submitted,

                                         MELINDA HAAG
                                         United States Attorney

                                          _____/s/_____
                                         PHILIP A. GUENTERT
                                         Assistant United States Attorney

SENTENCING MEMORANDUM